**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JEFFERY G. BAIREY, SB# 111271
  Email: Jeff.Bairey@lewisbrisbois.com
NICOLE L. JONES, SB# 247152
  Email: Nicole.Jones@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant SAMSUNG ELECTRONICS AMERICA, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., a corporation; and SAMSUNG ELECTRONICS CO., LTD., a South Korean corporation; and DOES 1-100<br><br>Defendants. | Case No.<br><br>**DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1441; DEMAND FOR TRIAL BY JURY** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION:**

Defendant SAMSUNG ELECTRONICS AMERICA, INC. ("Defendant" or "SEA") files this Notice under the provisions of 28 U.S.C. §§ 1441, 1446, and Federal Rules of Civil Procedure, Rule 81(c).

**STATEMENT OF FACTS ENTITLING DEFENDANT TO REMOVAL**

**NOW COMES,** Defendant reserving any and all rights, objections, defenses and exceptions, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, and removes this action to the United States District Court for the Eastern District of California, for the following reasons:

///

///

4825-7822-1347.1

1

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

**JURISDICTION**

1      This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens or subjects of a foreign state and a citizen of a different state, and the amount in controversy as alleged in the complaint exceeds the sum of $75,000, exclusive of interest and costs.

2.     The United States District Court for the Eastern District of California, Sacramento Division is the federal judicial district embracing the Superior Court of Trinity County where the suit is pending and, therefore, removal to this court is proper pursuant to 28 U.S.C. §§1441(a). Defendant does not waive any defenses, including without limitation any defenses pursuant to Federal Rules of Civil Procedure, Rules 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), 12(b)(6) and 12(b)(7).

**INTRA-DISTRICT ASSIGNMENT**

3.     The United States District Court for the Eastern District of California, Sacramento Division is the federal judicial district embracing the Superior Court of Trinity County where the suit is pending and, therefore, removal to this court is proper pursuant to 28 U.S.C. §§1441(a) and assignment to the Sacramento Division of the District Court is proper under E.D. Cal. R. 120(e) and (d), as opposed to any other Division of the District Court of California. Defendant is informed and believe, based on Plaintiff's allegations in the complaint, that Plaintiff is domiciled in Illinois and is authorized to transact and conduct business in California. Defendant does not waive any defenses, including without limitation any defenses pursuant to Federal Rules of Civil Procedure, Rules 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), 12(b)(6) and 12(b)(7).

4.     On March 17, 2015, Plaintiff STATE FARM GENERAL INSURANCE COMPANY ("Plaintiff"), by and through its attorneys, David D. Brisco, Esq., of the law firm of Cozen O'Connor, commenced a civil action in the Superior Court of the State of California, Trinity County against Defendants, entitled *State Farm General Insurance Company v. Samsung Electronics America, Inc., et al.*; Trinity County Superior Court Case No. 14CV078. A true and correct copy of the Complaint is attached as **Exhibit A**.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-7822-1347.1

DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1441; DEMAND FOR TRIAL BY JURY

5.      On April 23, 2015, Defendant SEA filed an Answer to Plaintiff's Complaint. A true and correct copy of the Answer is attached as **Exhibit B**.

6.      The Complaint alleges that Defendant is a corporation with agent for service of process in California. There is no allegation regarding Defendant's domicile, principal place of business or state of incorporation.

7.      The Complaint alleges that Defendant SAMSUNG ELECTRONICS CO., LTD. ("SEC") is a South Korean corporation, and alleges under information and belief that SEC is the parent company to Defendant. There is no allegation regarding SEC's domicile, principal place of business or state of incorporation.

8.      The Complaint was personally served on Defendant SEA on March 28, 2015. Pursuant to 28 U.S.C. § 1446(b)(3) and 28 U.S.C. § 1446(c), the time limit to remove the case to Federal Court has been satisfied, as this Notice of Removal has been filed within 30 days of service of the Complaint. (*See* 28 U.S.C. §1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).) Regardless, Defendant is not subject to the 30 day time limit because the facts supporting removal must be evident from the face of the Complaint. The Complaint indicates that Plaintiff is authorized to transact and conduct business in California, but does not allege its residence or domicile. Similarly, the domiciles for the Defendants are not unequivocally alleged. Notice of removability is determined solely by the Complaint, not through any subjective knowledge or a duty to make further inquiry. (*Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ; *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997).) As such, to the extent that Plaintiff's Complaint is vague and ambiguous and/or does not provide Defendant sufficient information to determine whether there are additional basis for federal subject matter jurisdiction, Defendant reserves its rights to also seek removal based on additional grounds.

9.      The Complaint does not allege Defendants' domiciles, principal places of business, or states in which they have been incorporated, aside from noting that SEC is a South Korean corporation.

10.     SEA is a corporation duly organized and existing under the laws of the New York, with its principal place of business in New Jersey. SEA is thus domiciled in New York and New Jersey.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-7822-1347.1

3

DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1441; DEMAND FOR TRIAL BY JURY

11.     SEC is a corporation formed in South Korea, with its principal place of business in South Korea. SEC is, therefore, domiciled in South Korea.

12.     The basis for removal is complete diversity. Plaintiff is domiciled in Illinois, as Plaintiff is incorporated in and has its principal place of business in Illinois.  At the time the Complaint was filed and served, and currently, Defendant SEA is domiciled in New York and New Jersey. At the time the Complaint was filed, and currently, Defendant SEC is domiciled in South Korea. This Court, therefore, has original jurisdiction of this action under 28 U.S.C. § 1332 because the only true named Defendants are citizen of New York, New Jersey, and South Korea, while Plaintiff is domiciled in Illinois.

13.     Defendant SEA is a party to this removal. Defendant SEC has not yet been served, and thus, its consent is not required for removal. (28 U.S.C § 1446(b)(2)(A); *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1224-25 (9th Cir. 2009).) The defendants designated as DOES 1 through 100 are fictitious defendants, are not parties to this action, have not been named or served, and are to be disregarded for the purpose of this removal. (28 U.S.C. § 1441 (a); *McCabe v. General Foods Corp.*, 811 F2d 1336, 1339 (9th Cir. 1987).) The Doe defendants, therefore, need not consent to this removal.

14.     The diversity of the fictitiously named defendants need not be considered for assessing whether there is complete diversity. Pursuant to 28 U.S.C. § 1441(b), the citizenship of defendants sued under fictitious names shall be disregarded in determining whether an action is removable on the basis of diversity.

15.     The diversity of all fictitiously named defendants is not known or determined. It is unknown whether any of the fictitiously named defendants are domiciled in California, Illinois, New York, New Jersey, or South Korea. Regardless, their domicile for diversity should not be considered.

16.     Plaintiff's Complaint does not allege a specific amount in damages, but does allege it has already paid on behalf of its insured in excess of $431,137.93 in this subrogation case, which is sufficient to place the amount in controversy in excess of $75,000. Thus, Defendant believe in good faith that the amount in controversy substantially exceeds $75,000, as required for removal pursuant to 49 U.S.C. § 11706.

4825-7822-1347.1

DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1441; DEMAND FOR TRIAL BY JURY

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1
<u>**DEMAND FOR JURY TRIAL**</u>

2      17.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant SEA hereby

3   demands a trial by jury.

4      **WHEREFORE,** Defendant SEA respectfully prays that this Notice of Removal be deemed

5   good and sufficient, and that Case No. 14CV078 be removed from the Superior Court of California,

6   County of Trinity, to the docket of this Honorable Court.

7   Dated: April 24, 2015                    LEWIS BRISBOIS BISGAARD & SMITH LLP

8                                      By: */s/ Nicole L. Jones*

9                                          Jeffery G. Bairey
                                           Nicole L. Jones
10                                         Attorneys for Defendant
                                           SAMSUNG ELECTRONICS AMERICA, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1441; DEMAND FOR TRIAL BY JURY

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## <u>CERTIFICATE OF INTERESTED PARTIES</u>

Pursuant to Federal Rule of Civil Procedure, Rule 7.1, the undersigned certifies that as of this date, the following have an interest in the outcome of this case:

1.   Plaintiff State Farm General Insurance Company

2.   Defendant Samsung Electronics America, Inc.

3.   Defendant Samsung Electronics Co., Ltd.

4.   There are no other known interested parties other than those listed above.

Dated: April 24, 2015                              LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Nicole L. Jones
_____
Jeffery G. Bairey
Nicole L. Jones
Attorneys for Defendant
SAMSUNG ELECTRONICS AMERICA, INC.

6

DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1441; DEMAND FOR TRIAL BY JURY





1   David D. Brisco (SBN 238270)
    COZEN O'CONNOR
2   Suite 1610, 501 West Broadway
    San Diego, CA 92101
3   Telephone: 619.234.1700
    Facsimile: 619.234.7831
4
    Attorneys for Plaintiff
5   STATE FARM GENERAL INSURANCE COMPANY

FILED

NOV - 7 2014

CLERK OF THE SUPERIOR COURT
COUNTY OF TRINITY
BY: MARJIE WATKINS, DEPUTY CLERK

6

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      IN AND FOR THE COUNTY OF TRINITY

10  STATE FARM GENERAL INSURANCE          Case No.:  14CV078
    COMPANY
11                                        **COMPLAINT FOR DAMAGES**
              Plaintiff,
12                                        **CASE MANAGEMENT CONFERENCE**
        vs.                               Hearing Date: May 19, 2015
13                                        Time: 10:00 am
    SAMSUNG INTERNATIONAL, INC., a        Department: _____
14  corporation; and DOES 1-100,          A Case Management Statement must be
                                          submitted at least 15 days before the hearing.
15            Defendants.

16

17        Plaintiff State Farm General Insurance Company (hereinafter "Plaintiff" or "State Farm")

18  alleges as follows:

19                          GENERAL ALLEGATIONS

20        1.     Plaintiff is, and at all times herein mentioned was, an insurance carrier authorized to

21  transact and conduct business in the States of California.

22        2.     Upon information and belief, Defendant Samsung International, Inc. (hereinafter

23  "Defendant" or "Samsung"), is a corporation who manufactured, designed, and/or supplied the

24  defective refrigerator at issue in this case, with a California business address of 9335 Airway Rd.,

25  Suite 105, San Diego, CA 92154, and an agent for service of process at CT Corporation 818 West

26  Seventh Street, 2nd Floor, Los Angeles, CA 90017.

27        3.     The true names, involvement, or capacities, whether individual, corporate,

28  governmental or associate, of the Defendants named herein as a DOE are unknown to Plaintiff who

COMPLAINT FOR DAMAGES

C:\NRPortbl\LEGAL\UNAGAL\21255258_1.doc

1  therefore sue said Defendants by such fictitious names.  Plaintiff prays for leave to amend the

2  Complaint to show said Defendants' true names, involvement and capacities when the same finally

3  have been determined.

4       4.     Plaintiff is informed and believes, and upon such information and belief alleges that

5  each of the Defendants designated herein as DOES 1 through 100, inclusive, negligently or

6  otherwise are legally responsible in some manner for the events and happenings herein referred to,

7  and negligently or otherwise caused injury and damages to Plaintiff as is herein alleged.

8       5.     At all times herein mentioned, each and every Defendant herein was the agent,

9  servant, employee, or partner of each of the other, and each was acting within the course and scope

10 of his agency, service, and employment.

11      6.     On or about May 22, 2013 a fire and resulting damages occurred at the residential

12 property of Plaintiff State Farm's insured, Wallace and Marybeth Brinkley, located at 758 E. Weaver

13 Creek Road, Weaverville, CA 96093 (hereinafter "Brinkley Property").

14      7.     The fire originated from a defective refrigerator/freezer unit, specifically a three year

15 old Samsung model RF268ABRS refrigerator/freezer unit that was manufactured, designed,

16 assembled, and/or supplied by Defendants (hereinafter "Samsung Refrigerator").

17      8.     The Samsung Refrigerator failed due to a manufacturing, design, assembly, and/or

18 warnings defect.

19      9.     At all times herein mentioned, Plaintiff provided insurance coverage to its insured,

20 Wallace and Marybeth Brinkley, pursuant to the policies of insurance, by which Plaintiff insured

21 against the loss and damages of the type sustained in this case.

22      10.    Pursuant to said insurance policies, and a claim for benefits made thereunder,

23 Plaintiff paid its insured or on behalf of its insured, in excess of $431,137.93 for damages resulting

24 from the fire in this case, with possible additional damage payments to come, an amount to be

25 proven at trial.

26      11.    Plaintiff is subrogated to the rights of its insured in this lawsuit for the amounts paid

27 to or on behalf of Plaintiff's insured.

28 ///

2

COMPLAINT FOR DAMAGES

C:\NRPortbl\LEGAL\NAGAL\21255258_1.doc

 

### FIRST CAUSE OF ACTION
#### (Strict Products Liability)
#### Against All Defendants and Does 1 Through 100

12.     Plaintiff realleges the allegations of Paragraphs 1 through 11, and incorporates them by reference herein.

13.     Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, manufactured, designed, assembled, distributed, labeled, marketed, advertised, supplied, sold, assembled, and/or otherwise placed the Samsung Refrigerator and/or its components within the stream of commerce for use by Plaintiff's insured Wallace and Marybeth Brinkley.

14.     The Samsung Refrigerator contained defects within its manufacture, design, assembly, labeling, and/or warnings at the time it left Defendant's control and at the time of the fire, rendering the Samsung Refrigerator unreasonably dangerous.

15.     The Samsung Refrigerator was being used in a reasonably foreseeable manner at all times and at the time of the fire.

16.     As a direct and proximate result of the defective condition of the Samsung Refrigerator discussed above, a fire occurred at the Brinkley Property resulting in damages in excess of the jurisdictional requirements of this Court.

### SECOND CAUSE OF ACTION
#### (Negligent Products Liability)
#### Against All Defendants and Does 1 Through 100

17.     Plaintiff realleges the allegations of Paragraphs 1 through 16, and incorporates them by reference herein.

18.     Defendants, and each of them, designed, manufactured, assembled, distributed, supplied, sold, labeled, marketed, advertised, installed, inspected, repaired, and/or otherwise provided the Samsung Refrigerator and/or its component parts within the stream of commerce for use by Plaintiff's insured Wallace and Marybeth Brinkley.

19.     Defendants, and each of them, were negligent in their design, manufacture, assembly, labeling, and/or warning of the Samsung Refrigerator in such a manner that rendered the Samsung Refrigerator defective at the time of the loss and at the time it left Defendants' control.

/ / /

COMPLAINT FOR DAMAGES

1        20.    The Samsung Refrigerator was being used in a reasonably foreseeable manner at all

2   times and at the time of the fire at the Brinkley Property.

3        21.    As a direct and proximate result of Defendants' negligence, a fire occurred at the

4   Brinkley Property resulting in damages in an amount in excess of the jurisdictional requirements of

5   this Court.

6

7        WHEREFORE, Plaintiff prays for judgment as follows:

8        1.    General damages according to proof;

9        2.    Special damages according to proof;

10       3.    Interest on the principal amount of its damages as permitted by law; and

11       4.    For such other and further relief as the Court may deem just.

12

13  DATED: November 5, 2014          COZEN O'CONNOR

14

15                       By:_____

                     DAVID D. BRISCO

16                       Attorneys for Plaintiff

                     STATE FARM GENERAL INSURANCE

17                       COMPANY

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

David D. Brisco (SBN 238270)
COZEN O'CONNOR
501 West Broadway, Suite 1610
San Diego, CA 92101
TELEPHONE NO.: (619) 234-1700   FAX NO.: (619) 234-7831
ATTORNEY FOR *(Name):* Plaintiff STATE FARM GENERAL INSURANCE CO.

**FILED**

NOV - 7 2014

CLERK OF THE SUPERIOR COURT
COUNTY OF TRINITY
BY: MARJIE WATKINS, DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF TRINITY
STREET ADDRESS: 11 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Weaverville, CA 96093
BRANCH NAME: Main Courthouse

CASE NAME: STATE FARM GENERAL INSURANCE CO. v. SAMSUNG
INTERNATIONAL INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 14CV078 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder | | JUDGE: |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[X] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (16)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* TWO
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 5, 2014

DAVID D. BRISCO, Esq.
(TYPE OR PRINT NAME)                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10



1   LEWIS BRISBOIS BISGAARD & SMITH LLP
    JEFFERY G. BAIREY, SB# 111271
2     E-Mail: Jeff.Bairey@lewisbrisbois.com
    NICOLE L. JONES, SB# 247152
3     E-Mail: Nicole.Jones@lewisbrisbois.com
    333 Bush Street, Suite 1100
4   San Francisco, California 94104-2872
    Telephone: 415.362.2580
5   Facsimile: 415.434.0882

6   Attorneys for Defendant SAMSUNG
    ELECTRONICS AMERICA, INC.
7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               COUNTY OF TRINITY, UNLIMITED CIVIL JURISDICTION

10

11  STATE FARM GENERAL INSURANCE          CASE NO. 15CV024
    COMPANY
12                                        **DEFENDANT SAMSUNG**
                    Plaintiff,            **ELECTRONICS AMERICA, INC.'S**
13                                        **ANSWER TO PLAINTIFF'S**
            vs.                           **COMPLAINT**
14
    SAMSUNG ELECTRONICS AMERICA,
15  INC., a corporation; SAMSUNG          Action Filed:   March 17, 2015
    ELECTRONICS CO., LTD., a South Korean Trial Date:     None Set
16  corporation; and DOES 1-100, inclusive,

17              Defendants.

18

19          Defendant SAMSUNG ELECTRONICS AMERICA, INC. ("Defendant") hereby answers

20  Plaintiff STATE FARM GENERAL INSURANCE COMPANY's ("Plaintiff") Complaint as

21  follows:

22                              GENERAL DENIAL

23          Defendant denies generally and specifically, each and every, all and singular, the

24  allegations of said Complaint, and each cause of action thereof, and further denies that Plaintiff

25  has been damaged in any sum or sums or at all.

26          WHEREFORE, this answering Defendant prays for judgment as hereinafter set forth.

27                            AFFIRMATIVE DEFENSES

28          Defendant also alleges the following separate and affirmative defenses as follows:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-1700-3299.1                              1
            DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER TO COMPLAINT

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

As a first affirmative defense to each cause of action alleged in the Complaint, Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Assumption of Risk)

As a second affirmative defense to each cause of action of the Complaint, Defendant alleges that Plaintiff's action is barred under the doctrine of primary assumption of risk because Plaintiff voluntarily participated in the activities alleged in the complaint and knew of and appreciated the specific risk which resulted in Plaintiff's alleged damage, thereby relieving Defendant of any legal duty to protect Plaintiff from that risk.

## THIRD AFFIRMATIVE DEFENSE

### (Comparative Negligence)

As a third affirmative defense to each cause of action of the Complaint, Defendant alleges that Plaintiff was partially, if not wholly, negligent or otherwise at fault on her own part pursuant to the doctrine of comparative negligence, and Plaintiff should be barred from recovery of that portion of the damages directly attributable to Plaintiff's proportionate share of the negligence or fault.

## FOURTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

As a fourth affirmative defense to each cause of action of the Complaint, Defendant alleges that the damages sustained by Plaintiff, if any, were caused, in whole or in part, by the negligence or fault of others for which this Defendant is not liable or responsible.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a fifth affirmative defense to each cause of action of the Complaint, Defendant alleges that Plaintiff's Complaint and causes of action therein are barred by the applicable statute of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-1700-3299.1                                    2
DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER TO COMPLAINT

1 │ limitations, including but not limited to, California Code of Civil Procedure, section 338.

2 │ SIXTH AFFIRMATIVE DEFENSE

3 │ (Failure to Mitigate)

4 │     As a sixth affirmative defense to each cause of action of the Complaint, Defendant alleges

5 │ that Plaintiff failed to mitigate his damages.

6 │ SEVENTH AFFIRMATIVE DEFENSE

7 │ (Misjoinder)

8 │     As a seventh affirmative defense to each cause of action of the Complaint, Defendant

9 │ alleges that there is a defect or misjoinder of parties pursuant to Code of Civil Procedure section

10 │ 430.10(d).  Specifically, Plaintiff failed to join all parties necessary for final determination of the

11 │ action.

12 │ EIGHTH AFFIRMATIVE DEFENSE

13 │ (Misuse and Abuse)

14 │     As an eighth affirmative defense to each cause of action of the Complaint, Defendant

15 │ alleges that the damages complained of in the complaint were caused in whole or in part by the

16 │ misuse and abuse of the product. At all times and places mentioned in the Complaint, Plaintiff

17 │ and/or other persons used the subject products, if indeed any were used, in an unreasonable

18 │ manner, not reasonably foreseeable to this Defendant, and for a purpose for which the products

19 │ were not intended, manufactured or designed.

20 │ NINTH AFFIRMATIVE DEFENSE

21 │ (Reservation of Defenses)

22 │     As a twenty-ninth affirmative defense to each cause of action of the Complaint, Defendant

23 │ presently has insufficient knowledge or information on which to form a belief as to whether it may

24 │ have additional, as yet unstated, defenses available.  Defendant reserves herein the right to assert

25 │ additional defenses in the event discovery indicates that they would be appropriate.

26 │     WHEREFORE, this answering Defendant prays for judgment as follows:

27 │         1.    That Plaintiff takes nothing by reason of the Complaint on file herein;

28 │         2.    For costs of suit incurred herein; and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-1700-3299.1

3

DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER TO COMPLAINT

1    3.    For such other and further relief as the court deems just and proper.

2    DATED: April 22, 2015                    LEWIS BRISBOIS BISGAARD & SMITH LLP

3

4                                            By:

5                                                Jeffery G. Bairey
                                                 Nicole L. Jones
6                                                Attorneys for Defendant SAMSUNG
                                                 ELECTRONICS AMERICA, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4815-1700-3299.1                              4
DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER TO COMPLAINT

CALIFORNIA STATE COURT PROOF OF SERVICE

*State Farm General Ins. Co. v. Samsung Electronics America, Inc., et al.*
Trinity Superior Court Case No. 15CV024

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872.

On April 22, 2015, I served the following document(s):

DEFENDANT SAMSUNG ELECTRONIC AMERICA, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT

I served the document on the following person at the following address (including fax number, if applicable):

| | |
|---|---|
| David D. Brisco, Esq.<br>COZEN O'CONNOR<br>501 West Broadway, Suite 1610<br>San Diego, CA  92101<br>*Attorneys for Plaintiff*<br>*State Farm General Insurance Company* | Tel:  619.234.1700<br>Fax: 619.234.7831<br>Email: dbrisco@cozen.com |

The document was served by the following means:

☒      (BY U.S. MAIL)  I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and (specify one):

☒      Placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 22, 2015, at San Francisco, California.

Jessica Libbey

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# ATTACHMENT

1 | **LEWIS BRISBOIS BISGAARD & SMITH** LLP
JEFFERY G. BAIREY, SB# 111271
2 |   Email: Jeff.Bairey@lewisbrisbois.com
NICOLE L. JONES, SB# 247152
3 |   Email: Nicole.Jones@lewisbrisbois.com
333 Bush Street, Suite 1100
4 | San Francisco, California 94104-2872
Telephone: 415.362.2580
5 | Facsimile:  415.434.0882

6 | Attorneys for Defendant
SAMSUNG ELECTRONICS AMERICA, INC.

7 |

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF TRINITY, UNLIMITED CIVIL JURISDICTION

10 |

11 | STATE FARM GENERAL INSURANCE COMPANY

CASE NO. 15CV024

12 |                    Plaintiff,

**DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE TO STATE COURT OF REMOVAL TO FEDERAL COURT**

13 |            vs.

14 |

15 | SAMSUNG ELECTRONICS AMERICA, INC., a corporation; SAMSUNG ELECTRONICS CO., LTD., a South Korean corporation; and DOES 1-100, inclusive,

Action Filed:     March 17, 2015
Trial Date:       None Set

16 |

17 |                    Defendants.

18 |

19 | **TO THE CLERK OF THE SUPERIOR COURT OF THE COUNTY OF TRINITY:**

20 |        **PLEASE TAKE NOTICE** under the provisions of 28 U.S.C. § 1446(d) that on April 23,

21 | 2015, Defendant SAMSUNG ELECTRONICS AMERICA, INC. filed with the Clerk of the Court

22 | at the United States District Court, Courthouse, Eastern District of California, Sacramento

23 | Division, located at the Robert T. Matsui Federal Courthouse, 501 I Street, Sacramento,

24 | California, 95814, the attached Notice of Removal to Federal Court and supporting papers to

25 | accomplish the removal of the action pending in the Superior Court of the State of California in

26 | and for the County of Trinity, entitled *State Farm General Insurance Company v. Samsung*

27 | *Electronics America, Inc., et al.*, Case No. 14CV078, to the United States District Court for the

28 | Eastern District of California, Sacramento Division. Under 28 U.S.C. §§ 1441 and 1446, and

4829-5957-6355.1

DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE TO STATE COURT OF REMOVAL TO FEDERAL COURT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1       Federal Rules of Civil Procedure, Rule 81(c), this action now will be placed on the docket of

2   the aforementioned District Court for all further proceedings.

3   DATED: April 23, 2015           LEWIS BRISBOIS BISGAARD & SMITH LLP

5                    By:

6                        Jeffery G. Bairey

7                        Nicole L. Jones

                         Attorneys for Defendant SAMSUNG

8                         ELECTRONICS AMERICA, INC.

DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE TO STATE COURT OF
REMOVAL TO FEDERAL COURT

# ATTACHMENT

1 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
JEFFERY G. BAIREY, SB# 111271
2 |    Email: Jeff.Bairey@lewisbrisbois.com
NICOLE L. JONES, SB# 247152
3 |    Email: Nicole.Jones@lewisbrisbois.com
333 Bush Street, Suite 1100
4 | San Francisco, California  94104
Telephone: 415.362.2580
5 | Facsimile:  415.434.0882

6 | Attorneys for Defendant SAMSUNG ELECTRONICS AMERICA, INC.

7

8 | UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

10 | STATE FARM GENERAL INSURANCE COMPANY,
      Case No.

11 |                 **DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1441; DEMAND FOR TRIAL BY JURY**

12 |       Plaintiff,

13 |       v.

14 | SAMSUNG ELECTRONICS AMERICA, INC., a corporation; and SAMSUNG ELECTRONICS CO., LTD., a South Korean
15 | corporation; and DOES 1-100

16 |       Defendants.

17

18 | **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN**

19 | **DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION:**

20 |     Defendant SAMSUNG ELECTRONICS AMERICA, INC. ("Defendant" or "SEA") files this

21 | Notice under the provisions of 28 U.S.C. §§ 1441, 1446, and Federal Rules of Civil Procedure, Rule

22 | 81(c).

23 |         <u>**STATEMENT OF FACTS ENTITLING DEFENDANT TO REMOVAL**</u>

24 |     **NOW COMES,** Defendant reserving any and all rights, objections, defenses and exceptions,

25 | files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, and removes this action to

26 | the United States District Court for the Eastern District of California, for the following reasons:

27 | ///

28 | ///

4825-7822-1347.1

1

DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1441; DEMAND FOR TRIAL BY JURY

## JURISDICTION

1        This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens or subjects of a foreign state and a citizen of a different state, and the amount in controversy as alleged in the complaint exceeds the sum of $75,000, exclusive of interest and costs.

2.        The United States District Court for the Eastern District of California, Sacramento Division is the federal judicial district embracing the Superior Court of Trinity County where the suit is pending and, therefore, removal to this court is proper pursuant to 28 U.S.C. §§1441(a). Defendant does not waive any defenses, including without limitation any defenses pursuant to Federal Rules of Civil Procedure, Rules 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), 12(b)(6) and 12(b)(7).

## INTRA-DISTRICT ASSIGNMENT

3.        The United States District Court for the Eastern District of California, Sacramento Division is the federal judicial district embracing the Superior Court of Trinity County where the suit is pending and, therefore, removal to this court is proper pursuant to 28 U.S.C. §§1441(a) and assignment to the Sacramento Division of the District Court is proper under E.D. Cal. R. 120(e) and (d), as opposed to any other Division of the District Court of California. Defendant is informed and believe, based on Plaintiff's allegations in the complaint, that Plaintiff is domiciled in Illinois and is authorized to transact and conduct business in California. Defendant does not waive any defenses, including without limitation any defenses pursuant to Federal Rules of Civil Procedure, Rules 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), 12(b)(6) and 12(b)(7).

4.        On March 17, 2015, Plaintiff STATE FARM GENERAL INSURANCE COMPANY ("Plaintiff"), by and through its attorneys, David D. Brisco, Esq., of the law firm of Cozen O'Connor, commenced a civil action in the Superior Court of the State of California, Trinity County against Defendants, entitled *State Farm General Insurance Company v. Samsung Electronics America, Inc., et al.;* Trinity County Superior Court Case No. 14CV078. A true and correct copy of the Complaint is attached as **Exhibit A**.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-7822-1347.1

2

DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1441; DEMAND FOR TRIAL BY JURY

5.     On April 23, 2015, Defendant SEA filed an Answer to Plaintiff's Complaint. A true and correct copy of the Answer is attached as **Exhibit B**.

6.     The Complaint alleges that Defendant is a corporation with agent for service of process in California. There is no allegation regarding Defendant's domicile, principal place of business or state of incorporation.

7.     The Complaint alleges that Defendant SAMSUNG ELECTRONICS CO., LTD. ("SEC") is a South Korean corporation, and alleges under information and belief that SEC is the parent company to Defendant. There is no allegation regarding SEC's domicile, principal place of business or state of incorporation.

8.     The Complaint was personally served on Defendant SEA on March 28, 2015. Pursuant to 28 U.S.C. § 1446(b)(3) and 28 U.S.C. § 1446(c), the time limit to remove the case to Federal Court has been satisfied, as this Notice of Removal has been filed within 30 days of service of the Complaint. (*See* 28 U.S.C. §1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).) Regardless, Defendant is not subject to the 30 day time limit because the facts supporting removal must be evident from the face of the Complaint. The Complaint indicates that Plaintiff is authorized to transact and conduct business in California, but does not allege its residence or domicile. Similarly, the domiciles for the Defendants are not unequivocally alleged. Notice of removability is determined solely by the Complaint, not through any subjective knowledge or a duty to make further inquiry. (*Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ; *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997).) As such, to the extent that Plaintiff's Complaint is vague and ambiguous and/or does not provide Defendant sufficient information to determine whether there are additional basis for federal subject matter jurisdiction, Defendant reserves its rights to also seek removal based on additional grounds.

9.     The Complaint does not allege Defendants' domiciles, principal places of business, or states in which they have been incorporated, aside from noting that SEC is a South Korean corporation.

10.    SEA is a corporation duly organized and existing under the laws of the New York, with its principal place of business in New Jersey. SEA is thus domiciled in New York and New Jersey.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-7822-1347.1

3

DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1441; DEMAND FOR TRIAL BY JURY

11.     SEC is a corporation formed in South Korea, with its principal place of business in South Korea. SEC is, therefore, domiciled in South Korea.

12.     The basis for removal is complete diversity. Plaintiff is domiciled in Illinois, as Plaintiff is incorporated in and has its principal place of business in Illinois.  At the time the Complaint was filed and served, and currently, Defendant SEA is domiciled in New York and New Jersey. At the time the Complaint was filed, and currently, Defendant SEC is domiciled in South Korea. This Court, therefore, has original jurisdiction of this action under 28 U.S.C. § 1332 because the only true named Defendants are citizen of New York, New Jersey, and South Korea, while Plaintiff is domiciled in Illinois.

13.     Defendant SEA is a party to this removal. Defendant SEC has not yet been served, and thus, its consent is not required for removal. (28 U.S.C § 1446(b)(2)(A); *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1224-25 (9th Cir. 2009).) The defendants designated as DOES 1 through 100 are fictitious defendants, are not parties to this action, have not been named or served, and are to be disregarded for the purpose of this removal. (28 U.S.C. § 1441 (a); *McCabe v. General Foods Corp.*, 811 F2d 1336, 1339 (9th Cir. 1987).) The Doe defendants, therefore, need not consent to this removal.

14.     The diversity of the fictitiously named defendants need not be considered for assessing whether there is complete diversity. Pursuant to 28 U.S.C. § 1441(b), the citizenship of defendants sued under fictitious names shall be disregarded in determining whether an action is removable on the basis of diversity.

15.     The diversity of all fictitiously named defendants is not known or determined. It is unknown whether any of the fictitiously named defendants are domiciled in California, Illinois, New York, New Jersey, or South Korea. Regardless, their domicile for diversity should not be considered.

16.     Plaintiff's Complaint does not allege a specific amount in damages, but does allege it has already paid on behalf of its insured in excess of $431,137.93 in this subrogation case, which is sufficient to place the amount in controversy in excess of $75,000. Thus, Defendant believe in good faith that the amount in controversy substantially exceeds $75,000, as required for removal pursuant to 49 U.S.C. § 11706.

4825-7822-1347.1

4

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## DEMAND FOR JURY TRIAL

17.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant SEA hereby demands a trial by jury.

**WHEREFORE,** Defendant SEA respectfully prays that this Notice of Removal be deemed good and sufficient, and that Case No. 14CV078 be removed from the Superior Court of California, County of Trinity, to the docket of this Honorable Court.

Dated: April 24, 2015                                    LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  */s/ Nicole L. Jones*
        Jeffery G. Bairey
        Nicole L. Jones
        Attorneys for Defendant
        SAMSUNG ELECTRONICS AMERICA, INC.

4825-7822-1347.1

5

DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1441; DEMAND FOR TRIAL BY JURY

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**CERTIFICATE OF INTERESTED PARTIES**

Pursuant to Federal Rule of Civil Procedure, Rule 7.1, the undersigned certifies that as of this date, the following have an interest in the outcome of this case:

1. Plaintiff State Farm General Insurance Company

2. Defendant Samsung Electronics America, Inc.

3. Defendant Samsung Electronics Co., Ltd.

4. There are no other known interested parties other than those listed above.

Dated: April 24, 2015                    LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Nicole L. Jones*
Jeffery G. Bairey
Nicole L. Jones
Attorneys for Defendant
SAMSUNG ELECTRONICS AMERICA, INC.

4825-7822-1347.1

6

DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1441; DEMAND FOR TRIAL BY JURY





David D. Brisco (SBN 238270)
COZEN O'CONNOR
Suite 1610, 501 West Broadway
San Diego, CA 92101
Telephone: 619.234.1700
Facsimile: 619.234.7831

Attorneys for Plaintiff
STATE FARM GENERAL INSURANCE COMPANY

**FILED**

NOV - 7 2014

CLERK OF THE SUPERIOR COURT
COUNTY OF TRINITY
BY: MARJIE WATKINS, DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF TRINITY

STATE FARM GENERAL INSURANCE
COMPANY

          Plaintiff,

    vs.

SAMSUNG INTERNATIONAL, INC., a
corporation; and DOES 1-100,

          Defendants.

Case No.: 14 CV078

**COMPLAINT FOR DAMAGES**

**CASE MANAGEMENT CONFERENCE**

Hearing Date: May 19, 2015
Time: 10:00 am
Department:
*A Case Management Statement must be
submitted at least 15 days before the hearing.*

Plaintiff State Farm General Insurance Company (hereinafter "Plaintiff" or "State Farm")

alleges as follows:

**GENERAL ALLEGATIONS**

    1.    Plaintiff is, and at all times herein mentioned was, an insurance carrier authorized to

transact and conduct business in the States of California.

    2.    Upon information and belief, Defendant Samsung International, Inc. (hereinafter

"Defendant" or "Samsung"), is a corporation who manufactured, designed, and/or supplied the

defective refrigerator at issue in this case, with a California business address of 9335 Airway Rd.,

Suite 105, San Diego, CA 92154, and an agent for service of process at CT Corporation 818 West

Seventh Street, 2nd Floor, Los Angeles, CA 90017.

    3.    The true names, involvement, or capacities, whether individual, corporate,

governmental or associate, of the Defendants named herein as a DOE are unknown to Plaintiff who

1   therefore sue said Defendants by such fictitious names.  Plaintiff prays for leave to amend the

2   Complaint to show said Defendants' true names, involvement and capacities when the same finally

3   have been determined.

4       4.      Plaintiff is informed and believes, and upon such information and belief alleges that

5   each of the Defendants designated herein as DOES 1 through 100, inclusive, negligently or

6   otherwise are legally responsible in some manner for the events and happenings herein referred to,

7   and negligently or otherwise caused injury and damages to Plaintiff as is herein alleged.

8       5.      At all times herein mentioned, each and every Defendant herein was the agent,

9   servant, employee, or partner of each of the other, and each was acting within the course and scope

10  of his agency, service, and employment.

11      6.      On or about May 22, 2013 a fire and resulting damages occurred at the residential

12  property of Plaintiff State Farm's insured, Wallace and Marybeth Brinkley, located at 758 E. Weaver

13  Creek Road, Weaverville, CA 96093 (hereinafter "Brinkley Property").

14      7.      The fire originated from a defective refrigerator/freezer unit, specifically a three year

15  old Samsung model RF268ABRS refrigerator/freezer unit that was manufactured, designed,

16  assembled, and/or supplied by Defendants (hereinafter "Samsung Refrigerator").

17      8.      The Samsung Refrigerator failed due to a manufacturing, design, assembly, and/or

18  warnings defect.

19      9.      At all times herein mentioned, Plaintiff provided insurance coverage to its insured,

20  Wallace and Marybeth Brinkley, pursuant to the policies of insurance, by which Plaintiff insured

21  against the loss and damages of the type sustained in this case.

22      10.     Pursuant to said insurance policies, and a claim for benefits made thereunder,

23  Plaintiff paid its insured or on behalf of its insured, in excess of $431,137.93 for damages resulting

24  from the fire in this case, with possible additional damage payments to come, an amount to be

25  proven at trial.

26      11.     Plaintiff is subrogated to the rights of its insured in this lawsuit for the amounts paid

27  to or on behalf of Plaintiff's insured.

28  ///

COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION
### (Strict Products Liability)
#### Against All Defendants and Does 1 Through 100

12.     Plaintiff realleges the allegations of Paragraphs 1 through 11, and incorporates them by reference herein.

13.     Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, manufactured, designed, assembled, distributed, labeled, marketed, advertised, supplied, sold, assembled, and/or otherwise placed the Samsung Refrigerator and/or its components within the stream of commerce for use by Plaintiff's insured Wallace and Marybeth Brinkley.

14.     The Samsung Refrigerator contained defects within its manufacture, design, assembly, labeling, and/or warnings at the time it left Defendant's control and at the time of the fire, rendering the Samsung Refrigerator unreasonably dangerous.

15.     The Samsung Refrigerator was being used in a reasonably foreseeable manner at all times and at the time of the fire.

16.     As a direct and proximate result of the defective condition of the Samsung Refrigerator discussed above, a fire occurred at the Brinkley Property resulting in damages in excess of the jurisdictional requirements of this Court.

## SECOND CAUSE OF ACTION
### (Negligent Products Liability)
#### Against All Defendants and Does 1 Through 100

17.     Plaintiff realleges the allegations of Paragraphs 1 through 16, and incorporates them by reference herein.

18.     Defendants, and each of them, designed, manufactured, assembled, distributed, supplied, sold, labeled, marketed, advertised, installed, inspected, repaired, and/or otherwise provided the Samsung Refrigerator and/or its component parts within the stream of commerce for use by Plaintiff's insured Wallace and Marybeth Brinkley.

19.     Defendants, and each of them, were negligent in their design, manufacture, assembly, labeling, and/or warning of the Samsung Refrigerator in such a manner that rendered the Samsung Refrigerator defective at the time of the loss and at the time it left Defendants' control.

/ / /

3

COMPLAINT FOR DAMAGES

1      20.    The Samsung Refrigerator was being used in a reasonably foreseeable manner at all

2  times and at the time of the fire at the Brinkley Property.

3      21.    As a direct and proximate result of Defendants' negligence, a fire occurred at the

4  Brinkley Property resulting in damages in an amount in excess of the jurisdictional requirements of

5  this Court.

6

7      WHEREFORE, Plaintiff prays for judgment as follows:

8      1.    General damages according to proof;

9      2.    Special damages according to proof;

10     3.    Interest on the principal amount of its damages as permitted by law; and

11     4.    For such other and further relief as the Court may deem just.

12

13  DATED: November 5, 2014         COZEN O'CONNOR

14

15               By: _____

16                 DAVID D. BRISCO
                    Attorneys for Plaintiff

17                 STATE FARM GENERAL INSURANCE
                    COMPANY

18

19

20

21

22

23

24

25

26

27

28

4

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

David D. Brisco (SBN 238270)
COZEN O'CONNOR
501 West Broadway, Suite 1610

San Diego, CA 92101
TELEPHONE NO.: (619) 234-1700  FAX NO.: (619) 234-7831
ATTORNEY FOR *(Name):* Plaintiff STATE FARM GENERAL INSURANCE CO.

**FILED**

NOV - 7 2014

CLERK OF THE SUPERIOR COURT
COUNTY OF TRINITY
BY: MARJIE WATKINS, DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF TRINITY
STREET ADDRESS: 11 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Weaverville, CA 96093
BRANCH NAME: Main Courthouse

CASE NAME:  STATE FARM GENERAL INSURANCE CO. v. SAMSUNG INTERNATIONAL INC., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited *(Amount demanded exceeds $25,000)* | [ ] Limited *(Amount demanded is $25,000 or less)* | [ ] Counter  [ ] Joinder | | 14CV078 |
| | | Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | | JUDGE: |
| | | | | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [X] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (16) | | |

**2.** This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties  d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence  f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
**4.** Number of causes of action *(specify):*  TWO
**5.** This case [ ] is  [X] is not  a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November 5, 2014

DAVID D. BRISCO, Esq.
*(TYPE OR PRINT NAME)*                                  *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
& Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# EXHIBIT B

1  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   JEFFERY G. BAIREY, SB# 111271
2    E-Mail: Jeff.Bairey@lewisbrisbois.com
   NICOLE L. JONES, SB# 247152
3    E-Mail: Nicole.Jones@lewisbrisbois.com
   333 Bush Street, Suite 1100
4  San Francisco, California 94104-2872
   Telephone: 415.362.2580
5  Facsimile: 415.434.0882

6  Attorneys for Defendant SAMSUNG
   ELECTRONICS AMERICA, INC.
7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           COUNTY OF TRINITY, UNLIMITED CIVIL JURISDICTION

10

| | |
|---|---|
| 11  STATE FARM GENERAL INSURANCE COMPANY | CASE NO. 15CV024 |
| 12         Plaintiff, | **DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| 13      vs. | |
| 14  SAMSUNG ELECTRONICS AMERICA, INC., a corporation; SAMSUNG ELECTRONICS CO., LTD., a South Korean corporation; and DOES 1-100, inclusive, | Action Filed:   March 17, 2015 Trial Date:     None Set |
| 17         Defendants. | |

18

19      Defendant SAMSUNG ELECTRONICS AMERICA, INC. ("Defendant") hereby answers

20  Plaintiff STATE FARM GENERAL INSURANCE COMPANY's ("Plaintiff") Complaint as

21  follows:

22                         <u>GENERAL DENIAL</u>

23      Defendant denies generally and specifically, each and every, all and singular, the

24  allegations of said Complaint, and each cause of action thereof, and further denies that Plaintiff

25  has been damaged in any sum or sums or at all.

26      WHEREFORE, this answering Defendant prays for judgment as hereinafter set forth.

27                      <u>AFFIRMATIVE DEFENSES</u>

28      Defendant also alleges the following separate and affirmative defenses as follows:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-1700-3299.1                                    1

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

As a first affirmative defense to each cause of action alleged in the Complaint, Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

(Assumption of Risk)

As a second affirmative defense to each cause of action of the Complaint, Defendant alleges that Plaintiff's action is barred under the doctrine of primary assumption of risk because Plaintiff voluntarily participated in the activities alleged in the complaint and knew of and appreciated the specific risk which resulted in Plaintiff's alleged damage, thereby relieving Defendant of any legal duty to protect Plaintiff from that risk.

## THIRD AFFIRMATIVE DEFENSE

(Comparative Negligence)

As a third affirmative defense to each cause of action of the Complaint, Defendant alleges that Plaintiff was partially, if not wholly, negligent or otherwise at fault on her own part pursuant to the doctrine of comparative negligence, and Plaintiff should be barred from recovery of that portion of the damages directly attributable to Plaintiff's proportionate share of the negligence or fault.

## FOURTH AFFIRMATIVE DEFENSE

(Contributory Negligence)

As a fourth affirmative defense to each cause of action of the Complaint, Defendant alleges that the damages sustained by Plaintiff, if any, were caused, in whole or in part, by the negligence or fault of others for which this Defendant is not liable or responsible.

## FIFTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

As a fifth affirmative defense to each cause of action of the Complaint, Defendant alleges that Plaintiff's Complaint and causes of action therein are barred by the applicable statute of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-1700-3299.1                2
DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER TO COMPLAINT

1   limitations, including but not limited to, California Code of Civil Procedure, section 338.

2   <u>**SIXTH AFFIRMATIVE DEFENSE**</u>

3   (Failure to Mitigate)

4       As a sixth affirmative defense to each cause of action of the Complaint, Defendant alleges

5   that Plaintiff failed to mitigate his damages.

6   <u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

7   (Misjoinder)

8       As a seventh affirmative defense to each cause of action of the Complaint, Defendant

9   alleges that there is a defect or misjoinder of parties pursuant to Code of Civil Procedure section

10   430.10(d).  Specifically, Plaintiff failed to join all parties necessary for final determination of the

11   action.

12   <u>**EIGHTH AFFIRMATIVE DEFENSE**</u>

13   (Misuse and Abuse)

14       As an eighth affirmative defense to each cause of action of the Complaint, Defendant

15   alleges that the damages complained of in the complaint were caused in whole or in part by the

16   misuse and abuse of the product. At all times and places mentioned in the Complaint, Plaintiff

17   and/or other persons used the subject products, if indeed any were used, in an unreasonable

18   manner, not reasonably foreseeable to this Defendant, and for a purpose for which the products

19   were not intended, manufactured or designed.

20   <u>**NINTH AFFIRMATIVE DEFENSE**</u>

21   (Reservation of Defenses)

22       As a twenty-ninth affirmative defense to each cause of action of the Complaint, Defendant

23   presently has insufficient knowledge or information on which to form a belief as to whether it may

24   have additional, as yet unstated, defenses available.  Defendant reserves herein the right to assert

25   additional defenses in the event discovery indicates that they would be appropriate.

26       WHEREFORE, this answering Defendant prays for judgment as follows:

27           1.    That Plaintiff takes nothing by reason of the Complaint on file herein;

28           2.    For costs of suit incurred herein; and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-1700-3299.1

3

1           3.     For such other and further relief as the court deems just and proper.

2  DATED: April 22, 2015             LEWIS BRISBOIS BISGAARD & SMITH LLP

3

4                   By:

5                   Jeffery G. Bairey

6                   Nicole L. Jones
                 Attorneys for Defendant SAMSUNG

7                   ELECTRONICS AMERICA, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4815-1700-3299.1

4

DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER TO COMPLAINT

File No. 30838.96

# CERTIFICATE OF SERVICE

**State Farm General Insurance Company v. Samsung Electronics America, Inc., et al.**

USDC – Eastern District, Sacramento Division Case No. _____

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

    At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, California, 94104. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    On April 24, 2015, I served the following document:

**DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1441; DEMAND FOR TRIAL BY JURY**

    I served the document on the following person at the following address (including a fax number and email address, if applicable):

| David D. Brisco, Esq.<br>COZEN O'CONNOR<br>501 West Broadway, Suite 1610<br>San Diego, CA  92101<br>**Attorneys for Plaintiff**<br>**State Farm General Insurance Company** | Tel: 619.234.1700<br>Fax: 619.234.7831<br>Email: dbrisco@cozen.com |
| --- | --- |

    The document was served by the following means:

☒ **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the document with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the person listed above.

☒ **(BY U.S. MAIL)** I enclosed the document in a sealed envelope or package addressed to the person at the address listed above and placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope of package with the postage fully prepaid.

    I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Dated:  April 24, 2015

                               /s/ Jessica Libbey
                               Jessica Libbey

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4825-7822-1347.1