**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JEFFERY G. BAIREY, SB# 111271
  Email: Jeff.Bairey@lewisbrisbois.com
NICOLE L. JONES, SB# 247152
  Email: Nicole.Jones@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant SAMSUNG ELECTRONICS AMERICA, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., a corporation; and SAMSUNG ELECTRONICS CO., LTD, a South Korean Corporation; and DOES 1-100,<br><br>    Defendants. | Case No. 2:15-CV-00875-MCE-CMK<br><br>**AGREED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

This Confidentiality Agreement and Order ("Agreement") is made by and among the Parties listed on **Exhibit A** hereto ("Parties"), and their past, present and future parents, subsidiaries, affiliates, agents, representatives, predecessors, successors and assigns.

**WHEREAS,** the Parties are litigating an action venued in the United States District Court for the Eastern District of California, Case No. 2:15-CV-00875-MCE-CMK styled *State Farm General Insurance Company v. Samsung Electronics America, Inc., et al.* (hereinafter "this Lawsuit").

**WHEREAS,** in the course of this Lawsuit, the Parties may disclose information they contend is Confidential Material, as defined in Section 2 below; and

**WHEREAS,** the Parties desire to protect this information disclosed pursuant to the terms of this Agreement;

**NOW THEREFORE,** in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. **Proceedings and Information Governed.**

This Protective Order is made under Rule 26(c) of the Federal Rules of Civil Procedure. This Protective Order applies to any document or thing covered by Fed. R. Civ. P. 34 (collectively "Material(s)") furnished by a party to any other party, as well as Materials furnished by non-parties who receive subpoenas in connection with this action, if and when the Materials are designated by a party or non-party as "Confidential" in accordance with the terms of this Protective Order ("Confidential Materials"). This Protective Order also applies to copies, excerpts, quotations, paraphrases, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated "Confidential Materials." This Protective Order is applicable to the Parties, any additional parties joined in this action, and any third-parties required to respond to discovery in this matter, for the sole purpose of facilitating discovery in the above-styled and numbered cause. It is expressly ordered that this Agreed Protective Order will not, in any manner, be disclosed to the jury in the above-styled and numbered cause. It is further ordered that this Agreed Protective Order will not be used, in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in any trial or any hearing on the merits of this case, except a hearing that involves issues related to the interpretation or enforcement of any provision of this Agreed Protective Order.

2. **Limits to Use Information Covered by this Order.**

All "Confidential Materials" produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person or entity except in accordance with the terms hereof.

3. **Designation of Information.**

A party may designate any "Materials" furnished or disclosed to any other Party or its counsel during discovery or trial as "Confidential" in the manner set forth in this Protective Order and such

designation will render such Materials "Confidential Materials" under the terms of this Order. In designating information as "Confidential," a Party will make such designation only as to "Materials" that it in good faith believes contains contain confidential, business sensitive, or proprietary information which the producing party or non-party reasonably believes not to be in the public domain and/or which may be subject confidentiality agreements or understandings with third parties, such as vendors or suppliers of the producing party. To facilitate discovery, unless stated otherwise by the producing party or non-party, all such "Confidential Materials" produced by each party or non-party in the course of this action—including deposition testimony and responses to interrogatories and requests for admission—shall presumptively be considered and treated as "Confidential Materials" under the terms of this Order.

4. **"Confidential" Designation.**

Without limitation on the foregoing, a party may designate as "Confidential" any "Material" or any portion of any "Material" that it reasonably and in good faith believes contains or reflects proprietary, business sensitive, non-public information that it desires not to be made public, including but not limited to, pricing, bidding, quoting, cost and other such financially or competitively-sensitive information.

5. **Time Period for Protection**.

Except as otherwise provided below, "Confidential Material," or any information contained in or derived from "Confidential Material," shall be subject to the provisions of this Protective Order, unless the designating Party agrees in writing to the contrary.

6. **Limits of applicability.**

These restrictions shall not apply to "Confidential Material" that:

(a) was, is, or becomes public knowledge in a manner other than by violation of this Protective Order;

(b) is acquired from a third party which owns the "Confidential Material" and has the right to disclose such "Confidential Material" pursuant to duty owed to the designating party; or

(c) was within a non-designating party's possession, custody, or control prior to the entry by the Court of this Protective Order.

///

**7.     Document Production and Exhibits.**

Unless impractical to do so, "Material" shall be designated as "Confidential Material" by marking each page as to which confidentiality is claimed as "Confidential." All copies of "Confidential Material" so marked shall also be treated as "Confidential." With respect to any "Confidential Material" that is not produced in paper form (such as diskettes, magnetic media, and other "Material" not produced in paper form) and that is not susceptible to the imprinting of a "Confidential" stamp, the producing party shall, to the extent practicable, produce such "Material" with a cover labeled "Confidential" and shall inform all counsel in writing that the non-paper-form materials are and should be treated as "Confidential Material" at the time such "Material" is produced.

**8.     Inadvertent Failure to Designate.**

The inadvertent failure to designate any "Material" as "Confidential" will not be a waiver of a claim that the "Material" contains confidential, business sensitive, or proprietary information, and will not prevent the producing party from designating such "Material" as confidential at a later date in writing, so long as the designation is done with particularity (e.g., by Bates number). In the event a producing party designates "Material" as "Confidential" after its initial production, the "Material" must be treated by the receiving party as confidential from the time of receipt of the notice of the "Confidential" designation. If "Confidential Material" that is also subject to protection under attorney-client privilege, attorney work product protection or any other form of legal privilege recognized by the Court, whether electronically stored or in paper form, is inadvertently produced, the producing party may, by providing written notice within five (5) business days from the inadvertent production date, assert the privilege or protection and obtain return of the "Confidential Materials" and such inadvertent disclosure shall not be considered a waiver of any such privilege.

**9.     Documents Generated during Suit.**

Except for use in trial, all pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that incorporate, reproduce, quote, paraphrase, summarize, or otherwise contain any "Confidential Material," if filed with the Court, shall be filed under seal in accordance with the procedures of the Court's local rules and the electronic filing system, unless the Court directs otherwise.

**10. Depositions.**

(a) For deposition testimony or exhibits to be entitled to protection under this Order, a party must designate the testimony and exhibits disclosed at a deposition as "Confidential Material" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition or no later than the dissemination in any format of the transcript of the deposition by the reporter to any party.

(b) Notwithstanding the foregoing, if no such designation is made at the time of the deposition, any party has thirty (30) calendar days after delivery by the court reporter of the transcript of the deposition to designate, in writing, to the other parties and to the court reporter, what portions of the transcript and which exhibits the party designates as "Confidential Material."

(c) During the transcription and until the expiration of thirty (30) days after receipt of the deposition transcript, all deposition transcripts and exhibits shall be treated as "Confidential Material," unless prior to the expiration of the thirty (30) day period all parties agree in writing that no portion of the transcript and no exhibit to the deposition is designated "Confidential Material."

(d) Each party and the court reporter must attach a copy of any final and timely-written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order, it is the responsibility of counsel for each party to maintain "Confidential Materials" in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

(e) If no such designation is made at the deposition or within the thirty (30) calendar-day period following delivery of the transcript to counsel for the disclosing party, then the entire deposition will be considered not to constitute "Confidential Material."

**11. Restrictions on Use of "Confidential Material."**

Except as agreed by the designating party or its counsel or as otherwise provided herein, "Confidential Material":

(a) Shall be maintained in confidence by the counsel to whom it is furnished;

(b) May be disclosed by such counsel only to Authorized Users entitled to access thereto

under paragraph 12;

(c) May be used by such counsel and the Authorized User(s) to whom it is disclosed only for the purposes of this litigation and for no other purpose; and

(d) May be reproduced only as reasonably necessary for this litigation. Nothing herein shall prevent disclosure beyond the terms of this Order if the Party designating the information as "Confidential" consents in writing to such disclosure, or if the Court, after notice to all affected Parties, orders such disclosure. Nor shall anything herein prevent any counsel of record from utilizing "Confidential Materials" in the examination or cross-examination of any person who is indicated in the "Confidential Material" as being an author, source or recipient of the "Confidential Material," irrespective of which party produced such information.

12. **Authorized Users of Confidential Material.**

Except as agreed by the designating Party or its counselor as otherwise provided herein, "Confidential Material," extracts, or summaries thereof may be disclosed by the receiving party only to the following individuals, and only provided that such individuals are informed of and acknowledged receipt of this Protective Order:

(a) In-house counsel and outside attorneys for any Party engaged in the litigation of this action and the employees of such attorneys assisting in the litigation.

(b) Any individual Party and the designated corporate representatives of a Party actively engaged in assisting that Party's attorney in the conduct of this litigation, and only to the extent reasonably necessary to enable the attorneys for that Party to render professional services in the litigation, including any individuals who may be designated to testify for a corporate Party.

(c) Persons not owners, officers, directors, managers, shareholders or employees of any Party, who are expressly retained to assist settlement discussions,

(d) Experts and consultants engaged in the litigation of this action.

(e) Any person requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from "Confidential Materials."

(f) The Court, other court officials (including court reporters) and the trier of fact,

1      (g)    Any of the Parties' insurers or reinsurers who have a potential interest in the litigation
2  of this is action.
3      (h) Any other person who subsequently is designated either by (i) written agreement of all the
4  Parties after a request by one of them or (ii) by order of the Court upon motion by a party, after notice
5  to all the Parties.
6      Prior to disclosing "Confidential Material" to any of the persons identified in subparagraphs c,
7  d, e, g, or h above, the recipient must be given a copy of this Protective Order, acknowledge in writing
8  their receipt of this Order, and must sign an agreement to abide by its terms in the form attached as
9  **Exhibit A**. Counsel shall retain each signed agreement with the records of the case.
10     No person allowed to view "Confidential Material" shall use any "Confidential Material" for
11 any purpose except as needed solely in connection with or to assist in the prosecution or defense of the
12 claims between the Parties in this litigation, and each person shall make reasonable efforts necessary
13 to protect the confidentiality of the "Material."
14     **13.    Challenging Designation.**
15     A receiving party may challenge a producing party's designation of "Material" as
16 "Confidential" at any time. Any receiving party may request in writing that the producing party
17 change the designation and provide the reason(s) for such request. The producing party, within seven
18 (7) calendar days after receipt of such written request and reason(s) therefore, must advise the
19 receiving party whether or not it agrees to change the designation. If the Parties are unable to reach
20 agreement within fourteen (14) days after delivery of the request to change designation, the receiving
21 party may seek an order to alter the confidential status of the subject "Confidential Materials." Until
22 the Court has ruled on a dispute under this paragraph, the subject "Confidential Materials" shall
23 continue to be treated as "Confidential" At the hearing on any such motion, the Party asserting the
24 "Confidential" designation of the subject "Confidential Materials" shall have the burden of showing
25 why the "Confidential Materials" are entitled to confidential treatment.
26     **14.    Use of "Confidential Materials" at Trial.**
27     In the event that any "Confidential Material" is used in any pretrial proceeding in this action, it
28 shall not lose its confidential status through such use, and the party seeking to protect the information

shall request that the Court seal any transcript with respect to such proceeding. With respect to the potential use of "Confidential Material" at the time of trial, the Parties shall confer, and if necessary, submit appropriate motions to the Court setting forth their respective positions as to the treatment at trial of "Confidential Material."

**15. No Waiver**.

This Protective Order shall not be deemed a waiver of:

(a) Any Party's right to object to any discovery requests on any ground;

(b) Any Party's right to seek an order compelling discovery with respect to any discovery request;

(c) Any Party's right in any proceeding herein to object to the admission of any evidence on any ground;

(d) Any Party's right to use its own documents and its own "Confidential Materials" in its sole and complete discretion; or

(e) The status of any "Confidential Material" as a trade secret.

Moreover, other than as specified herein, the taking of or failure to take any action to enforce the provisions of this Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief in this action or any other action, such right including, but not limited to, the right to claim that any information is or is not proprietary and non-public, is or is not entitled to attorney-client and/or attorney work product protection.

**16. Retroactive Designation.**

Material previously produced shall be retroactively designated as "Confidential Materials" by notice in writing to each document by Bates number within thirty (30) days of the entry of this Order.

**17. No Waiver as to Admissibility.**

The production of "Confidential Materials" pursuant to a request for production by a Party herein shall not be deemed a waiver of any right by the producing Party to object to the admissibility of such document or other thing on grounds of relevancy, materiality, privilege, or other valid ground of objection.

**18. Modification of Order.**

This Order may be modified or amended either by written agreement of the Parties or by order of the Court upon good cause shown.

**19. Conclusion of Suit.**

The provisions of this Order shall continue in effect with respect to any "Confidential Material" until expressly released by the Party furnishing or designating such "Confidential Material" or until final determination of this action, whichever is earlier. Within ninety (90) days of the final determination of this action, and upon request of the designating party, all "Confidential Material," including all copies, derivations, and summaries thereof, shall be destroyed or returned to outside counsel or other designated Authorized Users of the Party who produced the "Confidential Material." However, outside counsel for any party is entitled to retain copies of all notes, memoranda, and other work product, as well as pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits there), court papers and trial transcripts (and exhibits thereto) provided that any such "Confidential Materials" are maintained and protected in accordance with the terms of this Protective Order. Notwithstanding the provisions of this Paragraph, the receiving party and its advisors may retain electronic copies created pursuant to standard archival and back-up procedures, unless otherwise agreed by the parties agree or by as ordered by the Court on motion. For purposes of this Agreed Protective Order, the "final determination of this action" shall be deemed to be the later of (i) the entry of a final judgment of dismissal on full settlement of all claims: (ii) the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of this action after final judgment herein; or (iii) the expiration of an time limits under applicable law for the filing of or application for all appeals, rehearings, remands, trials or reviews of this action, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law.

**20. Other Proceedings.**

Any person or party subject to this Protective Order who may be subject to compulsory process that would require disclosure of another party's "Material" designated as "Confidential" shall promptly notify that party so that the party may have an opportunity to appear and be heard on

whether that information should be disclosed.

**21.   Advice of Counsel.**

This Order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to any party client an evaluation provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents, directly or indirectly, of any "Confidential," if such disclosure would be contrary to the terms of this Order.

**22.   Amendments.**

Nothing herein shall prevent the Court from *sua sponte* altering the terms of this Agreed Protective Order, or prevent the Parties from altering the terms and procedures hereunder by an agreement in writing signed by authorized representatives of each side.

**23.   Applicability to Third Parties.**

In the course of this action, the parties may attempt to discover documents and information from third parties. Any third party from whom discovery is sought by the parties may avail itself of the protections and limitations of disclosure provided for in this Order. The third party may identify any information or material as "Confidential" as defined in the Order and, if so, identify any "Confidential Material" produced in accordance with this Order. The parties hereby agree to treat any materials designed "Confidential" and produced by a third party in accordance with the terms of this Order. The parties shall reference this Protective Order in any subpoena or discovery request they serve or otherwise provide to any third party.

**ORDER**

IT IS SO ORDERED.

Dated: July 17, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

# EXHIBIT A

# CONFIDENTIALITY AGREEMENT

I, _____, confirm that:

    1.    I have read and acknowledge receipt of the Agreed Protective Order in Civil Action

    2.    Information, including documents and things, designated as "Confidential Material" as defined in the Agreed Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

    3.    I agree to be bound by the terms of the Protective Order.

SIGNED this _____ day of _____, 20__.

By: _____

Name: _____
               (Print Name)